The relief described hereinbelow is SO ORDERED.

SIGNED this 7th day of July, 2016.



_____
Robert D. Berger
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

| | |
|---|---|
| **SHEILA DIANE SINGLETON,** | **Case No. 15-21936** |
| **Debtor.** | **Chapter 13** |

**STATE OF KANSAS DEPARTMENT OF LABOR,**
    **Plaintiff,**

    **v.**                                              **Adversary No. 15-6101**

**SHEILA DIANE SINGLETON,**
    **Defendant.**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff and Defendant moved for summary judgment on Plaintiff's complaint seeking a finding that its claim against Defendant for fraudulently receiving unemployment benefits was nondischargeable under 11 U.S.C. §§ 523(a)(2) and 1328.[1] The parties appear by counsel.[2]

---

[1] Doc. 1, 11, and 12. All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.

[2] Plaintiff, State of Kansas Department of Labor, appears by its attorney, Thomas Britt Nichols, Topeka, KS. Defendant, Sheila Diane Singleton, appears by her attorney, Hilliard L. Moore, Lenexa, KS.

## VENUE AND JURISDICTION

This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.[3] Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The parties do not object to venue or jurisdiction.

## BACKGROUND

On September 4, 2015, Defendant Sheila Singleton (Sheila) filed a voluntary Chapter 13 petition and Chapter 13 plan.[4] On October 2, 2015, the Kansas Department of Labor (KDOL) filed a complaint seeking a finding that its claim against Sheila for fraudulently receiving unemployment benefit overpayments was nondischargeable under §§ 523(a)(2) and 1328.[5] Sheila responded on November 3, 2015, largely admitting KDOL's allegations.[6] Sheila admits she:

> knowingly and willfully misrepresented to KDoL that Defendant [Sheila] was not employed, was unemployed, was otherwise entitled to unemployment insurance benefits, or that Defendant earned wages for respective weeks in amounts differing from Defendant's true and correct factual earnings, for the express purpose of fraudulently obtaining unemployment benefits . . . .[7]

---

[3] D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).

[4] Doc. 1 and 6, Case No. 15-21936.

[5] Doc. 1, Case No. 15-6101. Unless otherwise noted, future references to Doc. numbers are to pleadings filed in the instant adversary proceeding, Case No. 15-6101.

[6] Doc. 6, at 1 ¶ 1 ("Defendant admits the allegations of Paragraphs 1-24 of said Complaint.").

[7] Doc. 1, at 2–3 ¶ 8, Doc. 6.

Sheila concedes her misrepresentations caused her to improperly receive: (1) $3,861[8] in unemployment benefits from September 25, 2004, to December 4, 2004, when she should have received $0.00 (the 2004 Overpayment); and (2) $2,776 in unemployment benefits from August 27, 2011, to October 15, 2011, when she should have received $0.00 (the 2011 Overpayment).[9] Sheila also concedes that the KDOL would not have paid her but for her application, statements, and misrepresentations regarding her employment status and earnings.[10] On February 3, 2005, the KDOL issued a final administrative order finding that Sheila fraudulently obtained or received the 2004 Overpayment.[11] On March 31, 2012, the KDOL issued a final administrative order finding that Sheila fraudulently obtained or received the 2011 Overpayment.[12] Under K.S.A. § 44-719, the KDOL assessed a penalty of $0.00 on the 2004 and 2011 Overpayments.[13]

The KDOL alleges the 2004 and 2011 Overpayments are subject to a monthly 1.5 percent interest rate—18 percent annually—under K.S.A. § 44-719(d)(2).[14] Sheila admits KDOL accurately states the substance of K.S.A. § 44-719(d)(2), "but denies that interest at such a high rate is part of Plaintiff's [KDOL's] non-dischargeable claim in a Chapter 13 case pursuant to §§ 523(a)(2)(A) and 1328(a)(2)."[15] Sheila relies on *In re Andrews*[16] for the proposition that "additions to the principal amount of a benefit overpayment were considered differently than the overpayment itself, and were dischargeable in Chapter 13 since penalties owed to a government unit are non-dischargeable in that chapter."[17] Sheila suggests that "interest at 18%, being so

---

[8] Doc. 1, at 15.
[9] Doc. 6.
[10] *Id.*
[11] Doc. 1, at 8 ¶ 12.
[12] *Id.* at 9–10 ¶ 20.
[13] *Id.* at 8 ¶ 13, and at 10 ¶ 21.
[14] *Id.* at 10 ¶ 25.
[15] Doc. 6, at 1 ¶ 2.
[16] Mich. Unemployment Ins. Agency v. Andrews (*In re* Andrews), 2015 WL 5813418 (Bankr. E.D. Mich. Oct. 2, 2015).
[17] Doc. 6, at 1 ¶ 2.

much higher than the interest for other kinds of judgments and higher than the Till rate in this district, is more in the nature of a penalty for the overpayment and less in the nature of compensatory interest for the time value of money."[18]  Therefore, Sheila denies the accumulated pre-petition interest of $8,829.[19]

Sheila raises two affirmative defenses in her answer.  First, she asserts the 2004 Overpayment is dischargeable because more than five years have passed from the February 3, 2005, administrative order on the 2004 Overpayment.  The 2004 Overpayment was not reduced to a civil judgment and, even if considered a judgment, it has not been renewed pursuant to K.S.A. § 60-2403(a).  Second, laches, waiver, and estoppel bar the 2004 Overpayment because the KDOL had the ability to offset its claim against Sheila's 2011 unemployment benefits.

On January 8, 2016, Sheila filed a motion for summary judgment requesting: (a) a discharge of the 2004 Overpayment principal and interest; (b) a discharge of the 2011 Overpayment interest; and (c) nondischarge of the 2011 Overpayment principal.[20]  Sheila argues summary judgment is appropriate because she largely admitted the facts contained in KDOL's complaint and requests a finding that: (a) the 2004 Overpayment is time barred under K.S.A. § 60-2403(a); (b) the 2004 Overpayment is barred by the equitable doctrines of waiver, estoppel, and laches; and (c) an 18 percent annual interest accruing on the 2004 and 2011 Overpayments is effectively a government penalty and dischargeable under §§ 523(a)(2)(A) and 1328(a)(2). Sheila asserts the interest rate is "not to compensate Plaintiff [the KDOL] for the lost time value of its money, but to penalize those who receive benefits they are not entitled to, and to deter others from engaging in such conduct."[21]

---

[18] Doc. 6, at 1 ¶ 2.
[19] *Id*. at 2 ¶ 3.
[20] Doc. 11.
[21] *Id*. at 6 ¶ 18.

On January 15, 2016, the KDOL filed a cross motion for summary judgment.[22]  The

KDOL requested: (a) judgment of nondischargeability on the principal amount of $2,776 on the

uncontested 2011 Overpayment; (b) a judgment of nondischargeability on the principal amount

of $3,861 on the 2004 Overpayment; and (c) a judgment of nondischargeability of $7,390.56 and

$1,832.16 in interest, and further accruing, on the 2004 and 2011 Overpayments respectively.[23]

The KDOL restated that Sheila did not dispute the majority of factual allegations in KDOL's

complaint.[24]  The KDOL also noted that Sheila previously filed for bankruptcy relief.[25]

This Court's review reveals Sheila previously filed a voluntary Chapter 13 petition on

April 6, 2006, and received a full compliance discharge under § 1328(a) on January 13, 2010.[26]

Sheila's 2006 Schedule F lists the 2004 Overpayment.[27]  However, the record does not reflect

that KDOL either filed a proof of claim or a complaint to determine the dischargeability of the

2004 Overpayment.  Therefore, on May 27, 2016, the Court directed Sheila and the KDOL to

submit simultaneous briefs with respect to whether Sheila's 2006 bankruptcy discharged the

2004 Overpayment.

The KDOL responded, asserting that Sheila's prior discharge did not discharge

§ 523(a)(2) debts.[28]  The KDOL believes Sheila's answer admits the 2004 Overpayment is not

dischargeable.[29]  In regards to the 2004 Overpayment, the KDOL admits that in Sheila's 2006

case it: (a) did not file a proof of claim; (b) did not object to Sheila's bankruptcy plan; (c) did not

file an adversary proceeding to determine dischargeability; and (d) did not request an exception

---

[22] Doc. 12.
[23] *Id*. at 5–6 ¶¶ a–c.
[24] *Id*. at 9.
[25] *Id*. at 9 ¶ 9. The KDOL asserts Sheila filed for bankruptcy protection in 2005, citing Case No. 15-20432. However, this information is erroneous. Sheila previously filed for bankruptcy in 2006. *In re* Singleton, Case No. 06-20432 (Bankr. D. Kan. Apr. 6, 2006).
[26] Doc. 1 and 93, Case No. 06-20432.
[27] Doc. 7, at 21, Case No. 06-20432.
[28] Doc. 17.
[29] Doc. 6.

from discharge under § 523(c).[30]  However, the KDOL feels that § 523(a)(2) debts "are

automatically excepted from the scope of the section [sic] § 1328(a) discharge . . ." and views

"[t]he exception to the scope of discharge for subsection 523(a)(2) debt [as] automatic."[31]  The

KDOL feels that "the mandated request and motion seeking nondischargeability processes

provided for in § 523(c) apply in Chapters 7, 11, and 12 actions and in Section 1328(b)

discharges but not to § 1328(a) discharge orders."[32]  In summary, KDOL feels the Code allows it

to "stand pat and passively undertake no act as KDoL did with respect to Singleton's 2006

Chapter 13 bankruptcy and be assured of nondischargeability even without court order.  Or can

choose to avoid future disputes by seeking nondischargeability orders as KDoL is doing now."[33]

Sheila responded, asserting that the 2004 Overpayment was discharged in her 2006 case,

and asserts that portions of the KDOL's complaint regarding the 2004 Overpayment constitute a

violation of the discharge injunction.[34]  Sheila feels the KDOL's "position makes an absurdity of

the Rule 4007(c) time limitations to the extent that it alleges that a creditor need not obey those

limitations in seeking a dischargeability determination . . . ."[35]  Sheila requests her 2006

discharge receive preclusive effect.

## ANALYSIS

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that there is "no genuine issue

as to any material fact" and that the movant is "entitled to a judgment as a matter of law.[36]  All

justifiable inferences must be drawn in favor of the nonmoving party to determine whether a

---

[30] Doc. 17, at 3 ¶¶ 8–11.
[31] *Id*. at 4–5.
[32] *Id*. at 5.
[33] *Id*. at 9.
[34] Doc. 18, at 2.
[35] *Id*. at 3. Referencing FED. R. BANKR. P. 4007(c).
[36] FED. R. CIV. P. 56 is applicable to adversary proceedings pursuant to FED. R. BANKR. P. 7056.

genuine dispute as to a material fact exists.[37]  Summary judgment is appropriate if the

nonmoving party "fails to make a showing sufficient to establish the existence of an element

essential to that party's case."[38]  The moving party bears the initial burden of demonstrating an

absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[39]  If

the movant meets its initial burden, then the nonmoving party cannot simply reply on its

pleadings.  "[T]he burden shifts to the nonmovant to go beyond the pleadings and set forth

specific facts that would be admissible in evidence" at trial.[40]  When parties file cross-motions

for summary judgment, the Court is "entitled to assume that no evidence needs to be considered

other than that filed by the parties . . . ."[41]  Cross-motions are to be considered independently,

and summary judgment is not appropriate if disputes remain as to any material fact.[42]  Here,

summary judgment is appropriate as both the KDOL and Sheila do not dispute the material facts.

The Court's findings regarding the remaining legal issues are outlined below.

### B.  KDOL IS ENTITLED TO JUDGMENT OF $2,776 ON THE 2011 OVERPAYMENT

Both Sheila and the KDOL agree that there is no legal or factual dispute as to the

nondischargeability of the principal obligation in the amount of $2,776 on the 2011

Overpayment.  Therefore, KDOL is entitled to judgment in the amount of a $2,776

nondischargeable claim on the principal amount of the 2011 Overpayment.

### C.  SHEILA'S 2006 BANKRUPTCY CASE DISCHARGED THE PRINCIPAL AND ASSOCIATED INTEREST ON THE 2004 OVERPAYMENT

KDOL's position that § 523(a)(2) debts are automatically excepted from a § 1328(a)

discharged is incorrect.

---

[37] Magnus, Inc. v. Diamond State Ins. Co., 545 F. App'x 750, 752 (10th Cir. 2013) (citation omitted).
[38] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[39] *Id.* at 322–23.
[40] Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003) (citation omitted).
[41] James Barlow Family Ltd. P'ship v. David M. Munson, Inc., 132 F.3d 1316, 1319 (10th Cir. 1997).
[42] Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000).

Section 523(c)(1) provides that debts of a kind specified in paragraph[] 2 (obtaining money, credit, etc. by false pretenses or fraud) . . . of section 523(a) will be automatically discharged *unless* the creditor to whom such a debt is owed obtains a determination of the bankruptcy court that the particular debt is nondischargeable.[43]

Most exceptions to discharge do not require compliance with § 523(c) and the attendant Rules. That is, a creditor does not need to take action unless there is a dispute between the parties as to dischargeability. The debt simply survives discharge without court action because of the nature of the debt. However, because § 523(c) requires creditors bringing § 523(a)(2) complaints to do so exclusively in the bankruptcy court, Fed. R. Bankr. P. 4007 applies. Under Fed. R. Bankr. P. 4007, a creditor holding a § 523(a)(2) debt must file a complaint seeking nondischargeability no later than 60 days after the first date set for the § 341 meeting of creditors.[44] "A failure to timely file such a complaint will result in the discharge of those debts."[45] For purposes of § 1328(a), to determine whether a debt is of a kind specified in § 523(a)(2), the KDOL's compliance with § 523(c) and Rule 4007 is required.[46] Sheila's 2006 Notice of Chapter 13 Bankruptcy listed July 3, 2006, as the deadline to file dischargeability complaints and October 4, 2006, as the deadline for governmental units to file a proof of claim.[47] Additionally, that same notice contained the following disclosure:

> The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability

---

[43] 4 COLLIER ON BANKRUPTCY ¶ 523.03, at 523-17 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2016) (emphasis added).

[44] FED. R. BANKR. P. 4007(c). *See also* Palmer v. Nordin (*In re* Nordin), 299 B.R. 915 (B.A.P. 8th Cir. 2003) ("[A] creditor who has a debt of the kind described in subsection [] (2) . . . of § 523 must file a complaint and have the debt's dischargeability determined by the bankruptcy court.").

[45] Hathorn v. Petty (*In re* Petty), 491 B.R. 554, 558 (B.A.P. 8th Cir. 2013) (citing *In re* Everly, 346 B.R. 791, 796 (B.A.P. 8th Cir. 2006)).

[46] 8 COLLIER ON BANKRUPTCY, *supra* note 43, ¶ 1328.02[d], at 1328-15–16.

[47] Doc. 4, Case No. 06-20432.

of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline.[48]

However, the KDOL did not file a complaint or proof of claim, despite Sheila listing them as an unsecured creditor on Schedule F. To have a kind of debt excepted from discharge under § 523(c), there must be an adjudication in conformity with § 523(c). Section 1328 incorporates by reference § 523(a)(2) and, as such, also incorporates by reference the procedures to adjudicate dischargeability of such debts. Thus, Sheila's 2006 bankruptcy discharged the 2004 Overpayment principal and interest because KDOL failed to file a complaint seeking nondischargeability of its debt in Sheila's 2006 bankruptcy. "[T]he scope of a discharge is final when entered and subsequent events do not change what debts were or were not discharged by that discharge."[49] The KDOL did not object to Sheila's plan that provided for the treatment and discharge of unsecured claims and thus the KDOL is bound by its treatment in Sheila's 2006 plan under § 1327(a).[50]

### D. AN 18 PERCENT ANNUAL INTEREST RATE UNDER K.S.A. § 44-719(d)(2) ON THE 2011 OVERPAYMENT IS EXCEPTED FROM DISCHARGE UNDER §§ 523(a)(2)(A) AND 1328(a)(2)

Sheila admits that the KDOL is statutorily entitled to an 18 percent annual interest rate on unemployment benefit overpayments under K.S.A. § 44-719(d)(2).[51] However, Sheila contends that interest at 18 percent: (a) exceeds the rate applicable to civil judgments under K.S.A. § 16-204(e); (b) exceeds the rate specified for limited actions under K.S.A. § 16-204(e)(2); and (c) "is more in the nature of a penalty for the overpayment and less in the nature of compensatory interest for the time value of money."[52] Thus, Sheila believes the 18 percent annual interest rate is fully or partially punitive and, as such, acts as a government penalty that is dischargeable

---

[48] *Id.*
[49] *In re* Anderson, 72 B.R. 495, 496 (Bankr. D. Minn. 1987).
[50] United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010).
[51] Doc. 6, at 1 ¶ 2, Doc. 11, at 5 ¶ 17.
[52] Doc. 6, at 1 ¶ 2.

under §§ 523(a)(2)(A) and 1328(a)(2).[53]  Importantly, Sheila argues that an 18 percent annual interest rate is dischargeable but her argument implies that some other—*lower*—interest rate would be nondischargeable.  Sheila does not strenuously dispute that the KDOL is entitled to *any* interest on a § 523(a)(2) debt, merely that interest at 18 percent qualifies as a dischargeable government penalty.  Sheila cites *In re Andrews*[54] for the proposition that the portion of an unemployment overpayment constituting a penalty is dischargeable in a Chapter 13 case.[55] However, the Court declines to accept Sheila's assertions that 18 percent annual interest under K.S.A. § 44-719(d)(2) constitutes a government penalty under § 523(a)(7).  Kansas law separately provides for the imposition of penalties and future benefit disqualifications for those fraudulently receiving unemployment benefit overpayments.[56]  Further, the Court will not disturb an 18 percent annual interest rate expressly provided for in the Kansas statutes.  Thus, K.S.A. § 44-719(d)(2) interest on a § 523(a)(2) claim is nondischargeable because it is not a § 523(a)(7) government penalty.  "[W]here the debt is nondischargeable, interest on the debt is also nondischargeable."[57]  Pre-petition and post-petition interest pursuant to K.SA. § 44-719 on the 2011 Overpayment is excepted from discharge under §§ 523(a)(2)(A) and 1328(a)(2) because it does not qualify as a § 523(a)(7) dischargeable government penalty.

## CONCLUSION

The Court grants both Plaintiff's and Defendant's motions for summary judgment in part.

**IT IS ORDERED** that the KDOL is entitled to a judgment of nondischargeability in the amount of $2,776 as to the principal amount of the 2011 Overpayment.

---

[53] Doc. 11, at 6 ¶ 18.
[54] 2015 WL 5813418 (Bankr. E.D. Mich. Oct. 2, 2015).
[55] Doc. 11, at 6 ¶ 19.
[56] K.S.A. § 44-719(a), (b), and (c); K.S.A. § 44-706.
[57] Supercom, Inc. v. Levitsky (*In re* Levitsky), 137 B.R. 288, 291–92 (Bankr. E.D. Wis. 1992). *See also* Gosney v. Law (*In re* Gosney), 205 B.R. 418, 421 (B.A.P. 9th Cir. 1996) *aff'd*, 161 F.3d 12 (9th Cir. 1998) ("when an underlying debt is nondischargeable, 'prepetition interest . . . is also nondischargeable'" Estate of Ekelund v. Dawson (*In re* Dawson), 163 B.R. 421 (Bankr. D.R.I. 1994)).

**IT IS FURTHER ORDERED** that Sheila's 2006 bankruptcy discharged the principal balance of $3,861 and associated interest on the 2004 Overpayment.

**IT IS FURTHER ORDERED** that pre-petition and post-petition interest pursuant to K.SA. § 44-719(d)(2) on the 2011 Overpayment is excepted from discharge under §§ 523(a)(2)(A) and 1328(a)(2) because it is not a § 523(a)(7) government penalty.

**IT IS SO ORDERED.**

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS